NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KERRY L. QUINN (Cal. Bar No. 302954)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5423
    Facsimile: (213) 894-6269
    E-mail: Kerry.L.Quinn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-776-GW-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | |
| ANNA VISHNEVSKY, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney and Assistant United States Attorney Kerry L. Quinn, hereby files its sentencing position.

//
//
//
//
//
//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 13, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


          /s/
KERRY L. QUINN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On November 29, 2018, defendant ANNA VISHNEVSKY ("defendant"), pleaded guilty, pursuant to a plea agreement filed on November 20, 2018 (the "Plea Agreement"), to count eight of the indictment charging her with healthcare fraud in violation of 18 U.S.C. § 1347. On March 21, 2019, the United States Probation and Pretrial Services Office ("USPO") filed its Presentence Report [docket no. 70] ("PSR") and sentencing recommendation [docket no. 69], proposing a total offense level of 27, a guideline range of 70-87 months, and recommending a sentence of 70 months. The government concurs in the PSR's guideline calculation, except the government is not seeking a role enhancement for this defendant, and without the role enhancement, the total offense level is level 23, leading to a guideline range of 46 to 57 months. The government is seeking a sentence at the low-end of this range, or 46 months, and restitution in the amount of $2,753,169.44.

**II. STATEMENT OF FACTS**

From in or about March 2014, through at least in or about June 2016, defendant participated in a scheme to defraud healthcare benefit plans, including plans offered by the United Parcel Service ("UPS") and Costco Inc. ("Costco"). PSR ¶ 17; Plea Agreement Ex. A. Specifically, defendant engaged in a scheme to bill plans for sleep studies that were not actually provided or were not medically necessary.

At all relevant times, as discussed in the PSR and the Plea Agreement, defendant owned and operated a sleep study clinic using the business name Atlas Diagnostic Services, Inc. ("Atlas"),

operating the clinic out of offices in Los Angeles, California. PSR ¶ 13; Plea Agreement Exhibit A. Co-defendant Eddie Hernandez ("Hernandez") worked for UPS as a driver out of a distribution center in Gardena, California. PSR ¶ 14; Plea Agreement Ex. A. Another co-schemer worked for Costco.

Defendant and others working with her and at her direction, including co-defendant Hernandez, recruited patients to participate in sleep study testing at Atlas by offering cash in exchange for participation in the testing, as well as offering additional cash for bringing dependents and referring co-workers. PSR ¶ 18(a); Plea Agreement Ex. A.

Defendant recruited the patients knowing that no doctor had prescribed sleep study testing for them or otherwise determined that such testing was medically necessary, and regardless of whether it was prescribed or medically necessary. PSR ¶ 18(b); Plea Agreement Ex. A.

The recruited patients underwent a single night of purported sleep study testing at Atlas, which Vishnevsky and others working with her and at her direction represented was successful, even if patients reported they had been unable to sleep during the study. PSR ¶ 18(c); Plea Agreement Ex. A.

After the purported testing was completed, Vishnevsky failed to score the resulting data or have that data scored, and otherwise failed to provide the data to anyone who could have scored or interpreted the data, as required for diagnosis and treatment, and she further failed to provide test results to patients and/or their physicians, even upon request. PSR ¶ 18(d)

1    Defendant submitted insurance claims for sleep study testing
2 performed on the recruited patients, billing not only for the one
3 night of sleep study testing that the patients had purportedly
4 undergone (regardless of medical necessity), but also in most
5 instances, for an additional, consecutive night of sleep study
6 testing that was never performed.  PSR ¶ 18(e); Plea Agreement Ex. A.
7    In the insurance claims that she submitted, defendant listed
8 physicians that had never treated the recruited patients, much less
9 prescribed the sleep study testing for them.  PSR ¶ 18(f); Plea
10 Agreement Ex. A.
11    Defendant knew at the time that she submitted the insurance
12 claims that the claims contained materially false and misleading
13 information, and she submitted the claims with the intent to defraud
14 the healthcare benefit plans, knowing that her conduct was unlawful.
15 Plea Agreement Ex. A.
16    Between March 6, 2014, and November 23, 2015, defendant
17 submitted the eleven false and fraudulent claims charged in the
18 indictment, including the claim that is the subject of the count to
19 which defendant pled.  PSR ¶ 19.
20    As a result of the submission of the fraudulent insurance
21 claims, checks were mailed to Atlas, and for the UPS employees and
22 their dependents, checks were also mailed to the UPS employees as
23 payment on the fraudulent claims, and the UPS employees endorsed
24 checks (or remitted payments) to Atlas and Hernandez, to be paid over
25 the Atlas.  PSR ¶ 18(g); Plea Agreement Ex. A.
26    Defendant paid Hernandez and other recruiters for their services
27 and for the recruiters to make cash payments to patients.  PSR
28 ¶ 18(h); Plea Agreement Ex. A.

3

VICTIM IMPACT

In total defendant submitted more than $11.5 million in fraudulent insurance claims to healthcare benefit plans, and she received approximately $3,096,292.57 on those claims. PSR ¶ 14; Plea Agreement Ex. A. One of the victim health care plans, specifically the UPS plan, recovered some of its losses from plan participants whose information was used to submit fraudulent claims (requiring the participants to pay back the plan for the fraudulent claims on penalty of losing their insurance), and these recoveries have reduced the outstanding restitution amount to $2,753,169.44.

**III. ARGUMENT**

As explained below, the government recommends that defendant be sentenced to a 46-month term of imprisonment and a three-year term of supervised release, and ordered to pay $2,753,169.44 in restitution.

**A. Advisory Sentencing Guidelines**

Based on the facts set forth above, the government submits that the following sentencing guidelines apply:

| | | |
|---|---|---|
| Base Offense Level: | 6 | USSG § 2B1.1(a)(2) |
| Attempted loss is greater than $9,500,000 but less than or equal to $25,000,000 | +20 | USSG § 2B1.1(b)(1)(K) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1(a), (b) |
| Total Offense Level | 23 | |

The resulting guideline range is 46 to 57 months (CHC I). The government concurs in, and adopts, the reasoning in the PSR in its application of the base offense level and the +20 enhancement for attempted loss under USSG § 2B1.1(b)(2)(K), but the government is not

4

seeking a role enhancement for this defendant because the government cannot definitively establish the scheme involved five or more criminally culpable participants.

### A.   Analysis of the § 3553(a) factors

The government submits that a sentence of 46 months is warranted in this case.  The factors to be considered when imposing sentence, as set forth in 18 U.S.C. § 3553(a), include:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) The need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant . . .
>
> (3) The kinds of sentences available;
>
> (4) [the applicable sentencing guidelines];
>
> (5) [the applicable sentencing guidelines policy statement];
>
> (6)  The need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct; and
>
> (7)  The need to provide restitution to the victims of the offense.

18 U.S.C. § 3553(a).

In addition to the sentencing guidelines, discussed above, factors important to the government's sentencing recommendation are discussed below.

1. **Nature and Circumstances of the Offense / Providing Just Punishment**

The criminal conduct at issue in this case is serious. Defendant submitted more than $11 million in fraudulent insurance claims to multiple healthcare plans, and she received more than $3 million as a result of her criminal conduct. She worked with marketers who recruited patients to participate in the scheme, and thereby involved others in her crimes. Healthcare fraud is a serious crime, and involves criminal activity that is often difficult to detect and prevent in part because of the largely anonymous nature of the claims processing procedure, and the various different parties involved in that process. In addition, defendant's criminal activity victimized not only the plans, but also plan participants recruited into the scheme, as many of them have been required to pay back fraudulent insurance claims submitted using their names (on penalty of losing their health insurance). In these circumstances, the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense and to provide for just punishment favor a significant prison term.

2. **Deterrence**

A substantial sentence is also needed for deterrent purposes. As discussed above, healthcare fraud is often difficult to detect and prevent as claims administrators review and process claims without direct contact with patients, and only limited contact with service providers, and thus it can be difficult to identify fraudulent claims before plans sustain large losses. This case is a good example of a scheme that continued for years before investigators were able to detect the fraud. A significant prison sentence will send a powerful

6

message to individuals who might otherwise engage in such schemes, and also send an individual deterrent message to this defendant not to engage in criminal conduct. Employers should be able to offer generous health care benefits without being targeted by fraudulent providers trying to take advantage of those benefits; a significant prison sentence, in discouraging fraudulent conduct, will also encourage employers to offer generous benefit packages, all of which serves the public interest.

### 3. Avoiding Unwarranted Sentencing Disparities

The co-defendant in this case, Hernandez, was sentenced to 30 months. Hernandez was one of the marketers in the scheme and was much less culpable than defendant, participating in the fraud with respect to only one of the victim healthcare plans and receiving only a fraction of the money obtained through the scheme. A sentence of 46 months is necessary to avoid an unwarranted sentencing disparity between the two defendants in this case.

## IV. RESTITUTION

In addition to the period of incarceration, defendant should be ordered to make full restitution to the victims of her criminal conduct. The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A and § 3664, applies to "an offense against property under this title . . . including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Under the MVRA, a district court must order restitution in such a case where "an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). With this statutory background, this Court is required to impose an order of restitution in this case in favor of the victims for the full amount of their losses, without

7

consideration of the defendant's ability to pay that amount. 18 U.S.C. § 3664(f)(1)(A); USSG § 5E1.1 (directing the sentencing court to enter a restitution order if there is an identifiable victim). The total amount of restitution owed in this case is $2,753,169.44, payable to the victims and in the amounts identified in Exhibit 1.

## V. CONCLUSION

For the reasons set forth above, the government recommends that the Court impose a 46-month term of imprisonment, a three-year term of supervised release, and a $100 special assessment, and that it order restitution in the amount of $2,753,169.44.